909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Richard SKIBBE, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, John Prelesnik, Warden, Mike
Jensen, Supervisor, Phill Hesche, Steward,
Defendants-Appellees.
 No. 90-1218.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Mark Richard Skibbe, appeals the district court's judgment sua sponte dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). He now moves for the appointment of counsel and a default judgment against the defendants. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, plaintiff filed this suit under 42 U.S.C. Sec. 1983 alleging that the defendants denied him due process of law by depriving him of his right to be free of injury and neglect: Plaintiff's claim arises from an industrial accident that occurred on August 2, 1989, while he was working in the kitchen of the Riverside Correctional Facility (RCF). Specifically, he alleges that he was subjected to the negligence of a state employee who did not pay attention to his duties. Plaintiff named as defendants the Director of the Michigan Department of Corrections, the Warden of RCF, the main kitchen supervisor at RCF, and the main kitchen steward. He sued the defendants in their individual capacities.
 
 
 3
 Finding no constitutional violation, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court held that plaintiff's negligence claim lacked an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). The court also dismissed plaintiff's pendent state law claim for conversion as there was no reasonable basis for the district court to exercise pendent jurisdiction over that claim. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348 (1988).
 
 
 4
 Upon review, we conclude that the district court properly dismissed the case. Accordingly, the motions for appointment of counsel and default judgment are denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.